**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No. 3:13-CR-00272 |
| | ) | JUDGE ALETA A. TRAUGER |
| **DONALD RAY ANDERSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER OF FORFEITURE CONSISTING OF
## $94,462.64 MONEY JUDGMENT AS TO COUNT ONE

Based on the representations and agreements of the Government and Defendant Donald Ray Anderson at the plea hearing in this matter and as evidenced by the Plea Agreement entered into between the parties, the Court finds as follows:

**WHEREAS**, on December 11, 2013, the Government filed a One Count Information charging Defendant Donald Ray Anderson with violations of 18 U.S.C. § 1029(a)(2) (access device fraud).

**WHEREAS,** the forfeiture allegation of the Information gave notice pursuant to 18 U.S.C. § 982(a)(2)(B) and 18 U.S.C. § 1029(c)(1)(C) that upon conviction of the access device fraud offenses alleged in Count One, Defendant Donald Ray Anderson shall forfeit any property constituting or derived from proceeds obtained, directly or indirectly, as a result of such violations, and any personal property used or intended to be used to commit the offense including but not limited to a money judgment in the minimum amount of $94,462.64.

**WHEREAS,** the forfeiture allegation of the Information also gave notice to Defendant Donald Ray Anderson that in the event the $94,462.64 in proceeds, as a result of any act or omission of DONALD RAY ANDERSON:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and intends, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of Defendant Donald Ray Anderson up to $94,462.64.

**WHEREAS**, Defendant Donald Ray Anderson entered into a Plea Agreement with the United States wherein he has pled guilty to the Information.

**WHEREAS,** Defendant Donald Ray Anderson further acknowledged in his Plea Agreement that $94,462.64 is subject to forfeiture because these funds were obtained directly or indirectly as a result of the access device fraud as charged in the Information, and which constitutes or is derived from proceeds traceable to each violation, and consents to the entry of a money judgment prior to sentencing in the amount of $94,462.64.

**WHEREAS,** Defendant Donald Ray Anderson, via his Plea Agreement, acknowledges that as a result of his own act(s) or omission(s), the $94,462.64 in proceeds obtained as a result of the scheme or artifice to defraud as alleged in the Information, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the United States is entitled to forfeiture of substitute property.

**WHEREAS,** this Court entered Judgment on May 8, 2014 against Defendant Donald Ray Anderson including entry of an Order of Forfeiture Consisting of a $94,462.64 Money

Judgment and a grant to the United States of the right to forfeit substitute assets to satisfy the money judgment.

Now, therefore, based upon the signed Plea Agreement, this Court makes the following findings:

1. There is a preponderance of the evidence that the proceeds of the scheme to defraud as set forth in the offenses to which Defendant Donald Ray Anderson has pled guilty in this matter are $94,462.64.

2. $94,462.64 is subject to forfeiture because these funds were obtained directly or indirectly as a result of the scheme or artifice to defraud as charged in the Information, and which constitutes or is derived from proceeds traceable to each violation.

3. As a result of Defendant Donald Ray Anderson's act(s) or omission(s), the $94,462.64 in proceeds obtained as a result of the scheme or artifice to defraud to which Defendant Donald Ray Anderson has pled guilty, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the United States is entitled to forfeiture of substitute property up to $94,462.64.

NOW THEREFORE it is hereby **ORDERED, ADJUDGED AND DECREED** that:

A. An Order of Forfeiture Consisting of a Money Judgment in the amount of $94,462.64 ("Order of Forfeiture") is hereby taken against Defendant Donald Ray Anderson as to Count One. Pursuant to Federal Rule of Criminal Procedure, Rule 32.2(b)(4), the Order of Forfeiture consisting of Money Judgment shall become immediately final as to the defendant, by

his consent, and shall be made part of the sentence and included in the judgment. Pursuant to Rule 32.2(c)(1), ". . . no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

B. It is Ordered that the United States may engage in discovery in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a debt to identify additional substitute assets having a value up to $94,462.64 as authorized by 28 U.S.C. §§ 3001(a)(1) and 3015 *et seq.* and by Federal Rule of Criminal Procedure, Rule 32.2(b)(3).

C. It is Ordered that the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture consisting of a $94,462.64 Money Judgment as to Count One to include substitute property having a value not to exceed in total $94,462.64 United States currency to satisfy the Money Judgment in whole or in part.

D. Upon payment of the Money Judgment in full, the United States shall file a satisfaction of judgment with the District Court and the appropriate clerk of the county in which any transcript or abstract of the judgment has been filed.

E. Insofar as the Order of Forfeiture is not satisfied, and a sum of money is still owed, then Defendant shall remain personally liable pursuant to this Order of Forfeiture, which will continue in full effect until payment of the total amount of $94,462.64 plus statutory interest is made in full.

F.  The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this  20th  day of   May   , 2014.

_____
ALETA A. TRAUGER
United States District Judge