PROB 12A
(Revised 05/2011)

# United States District Court
## for
## Middle District of Tennessee

## Report on Offender Under Supervision

Name of Offender: <u>Donald Ray Anderson</u>  Case Number: <u>3:13-00272</u>

Name of Judicial Officer: <u>Honorable Aleta A. Trauger, U.S. District Judge</u>

Date of Original Sentence: <u>May 8, 2014</u>

Original Offense: <u>18 U.S.C. § 1029(a)(2) Access Device Fraud</u>

Original Sentence: <u>5 years' probation</u>

Type of Supervision: <u>Probation</u>  Date Supervision Commenced: <u>May 8, 2014</u>

Assistant U.S. Attorney: <u>Sandra G. Moses</u>  Defense Attorney: <u>Michael C. Holley</u>

---

The Court orders:

☒ No Action Necessary at this Time
☐ Submit a Request for Modifying the Condition or Term of Supervision
☐ Submit a Request for Warrant or Summons
☐ Other

Considered this __16th__ day of __April__, 2015,
and made a part of the records in the above case.

_____
Aleta A. Trauger
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
James Foster
U.S. Probation Officer

Place           Nashville, TN

Date            April 16, 2015

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1. | **The defendant shall pay restitution in the amount of $94,462.64, at a minimum monthly rate of 10% of his gross monthly income. The defendant shall pay a $100.00 special assessment fee.** <br> According to the most recent report from the U.S. District Court Clerk's office, Mr. Anderson has not paid his $100 special assessment fee, nor has he made any payment toward his restitution balance, as ordered. |
| 2. | **The defendant shall maintain verifiable employment subject to approval by the U.S. Probation Office, and provide any documentation requested by the Probation Office.** <br> Mr. Anderson has been unemployed since beginning his period of probation, and despite having been directed by the U.S Probation Office to apply for any available employment positions and submit documentation of his efforts, has displayed significant tardiness in doing so, only after repeated prompting from the probation officer. |
| 3. | **The defendant shall complete 500 hours of community service at an organization which provides services to veterans, as approved and directed by the United States Probation Office.** <br> To date, despite being unemployed since beginning his term of supervision in May 2014, the defendant has completed only 27 hours of community service, and has failed to perform any community service except after repeated prompting from the probation officer. |

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Anderson began his term of probation on May 8, 2014, and his supervision is due to terminate on May 7, 2019. He has remained unemployed since August 2013, when he was terminated from his position as a purchasing agent for Comdata Coporation, in relation to the offense of conviction. Since that time, Mr. Anderson has been financially supported solely by his mother, Helen Anderson (age 78), with whom he resides in Nashville, Tennessee.

Since Mr. Anderson began his term of probation, the undersigned probation officer has stressed to him the importance of securing gainful employment as soon as possible, as ordered by the Court, and he acknowledged his understanding of this condition. A review of Mr. Anderson's written resume revealed a sufficient educational background, several skills and accomplishments, and a lengthy employment history. Furthermore, he reported a complete understanding of how to utilize several job search websites, with which he had already created accounts in order to apply for new employment.

Since September 2014, as instructed by the probation officer, Mr. Anderson has submitted weekly written logs detailing his efforts to secure employment, and the outcome of those efforts. The probation officer instructed the defendant that he should seek out and apply for all available types of employment, including full-and-part-time positions for which he may be overqualified, or which he may not have previously considered, including temporary positions and manual labor. Additionally, the probation officer instructed Mr. Anderson to apply in-person whenever possible, and not limit himself solely to electronic applications. However, according the job search logs submitted by Mr. Anderson, his efforts have been limited almost entirely to electronic applications which elicited no response, attending a handful of job fairs, and a small number of face-to-face interviews which were reportedly unsuccessful. Notably, when asked about his daily

activities, Mr. Anderson replied that he spends the majority of his time at home, submitting electronic applications to potential employers via the internet connection on his cellular phone. However, during a home contact made at the defendant's residence on January 14, 2015, the probation officer observed in Mr. Anderson's downstairs apartment several large jigsaw puzzles which had already been completed, and another such puzzle in-progress, located on a card table facing a television. When questioned, the defendant reported that he spent time working on jigsaw puzzles and watching television.

With regard to his outstanding financial penalties, according to the most recent report from the U.S. District Court Clerk's office, Mr. Anderson has not made any payments toward his Special Assessment Fee or restitution balance. Since the probation officer's last notification to the Court, on September 11, 2014, the defendant has been reminded repeatedly that he should begin making nominal payments toward his outstanding financial penalties as soon as possible, despite his unemployment status. However, he has consistently denied having sufficient funds to make even minimal payments toward his special assessment fee and restitution balance. More specifically, Mr. Anderson stated that he was unwilling to request increased financial support from his mother, the need for which he would not explain to her for fear of revealing his federal conviction and probation status. As noted in the previous petition, since his arrest for the instant offense, Mr. Anderson had not informed his mother or any other family members about that arrest, his later conviction, or probation status, citing feelings of shame as his reason for not doing so.

On several occasions, the probation officer advised Mr. Anderson that his continued unemployment appeared to place an undue financial hardship upon his mother, and encouraged him to inform her of his probation status and the financial penalties which he had been ordered to pay. On January 14, 2015, due to the potential financial risk to Mr. Anderson's mother, occasioned by his ongoing unemployment status and his reliance upon her as his sole means of financial support, the probation officer made contact with Mrs. Helen Anderson at the residence she shares with the defendant, and informed her of Mr. Anderson's probation status and financial obligations. Mrs. Anderson expressed sadness and disappointment that the defendant had committed the instant offense, had not informed her of his probation status, and had remained unemployed for almost a year and a half.

To date, since beginning his term of supervision in May 2014, the defendant has completed only 27.45 hours of community service at Operation Stand-Down, to which he was referred by the probation officer in August 2014. Mr. Anderson's performance of community service has been sporadic, occurring only after repeated prompting from the probation officer, and entire months have passed during which he performed no community service at all. The defendant's longest period of community service attendance was in October 2014, when he reported to Operation Stand-Down on five days over the course of two weeks, and performed 20 hours of community service that month. Since that time, he performed only a half-day (four hours) of community service in November 2014, and none from December 2014 to March 2015.

On March 27, 2015, during a meeting at the Probation Office, the probation officer gave to Mr. Anderson a list of several staffing agencies and temporary employment services, with instructions that he must schedule and attend appointments with those agencies, and provide verification of having done so. Additionally, the defendant was instructed that he must report to Operation Stand-Down to perform community service at least four days per week, until he obtains employment, and may be excused from performing community service only to conduct job-seeking activities outside of his residence. Since that date, Mr. Anderson has attended several verified appointments with staffing agencies, and reports a strong desire to find employment, in order to relieve his mother of the financial burden of supporting him. Although the availability of community service duties at Operation Stand-Down is temporarily limited due to changes in personnel, the probation officer has referred Mr. Anderson to other local agencies which provide services to veterans.

**U.S. Probation Officer Recommendation:**
The probation officer is requesting that no additional action be taken by the Court at this time. It is recommended that Mr. Anderson remain on probation, obtain gainful employment, begin to make payments toward his special assessment and restitution, and complete his community service hours. However, should he continue not to abide by the aforementioned conditions, the probation officer will report such noncompliance to the Court, and petition for a summons. Assistant U.S. Attorney Sandra Moses has been advised of the offender's noncompliance and is in agreement with this recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer